IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA BANKS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STUART WORBEY, individually and as ) <br> Agent of TTS LOGISTICS, LLC and ) <br> LANDSTAR INWAY, INC., ) <br> TTS LOGISTICS, ) <br> LLC, and LANDSTAR INWAY, INC., ) <br> ) <br>     Defendants. ) | Case No. 3:24-cv-01682-DWD <br><br> **JURY TRIAL DEMANDED** |

## ORDER

This matter is before the Court on Defendants, TTS Logistics, LLC and Stuart Worbey's Motion for Physical examination by Dr. Lyndon Gross ("Motion"). (Doc. 41). The Motion indicates that, when defense counsel initially requested this examination from Plaintiff's counsel, Plaintiff's counsel objected on the basis that it would be inconvenient for Plaintiff to have to travel from Chicago, Illinois. Plaintiff, however, has not responded to the Motion and the time for doing so has passed.

Upon consideration of the Motion, the Court finds that Plaintiff has placed her physical condition in controversy and that good cause exists for the requested examination. Nothing before the Court indicates that requiring Plaintiff to travel from Chicago would impose an undue hardship. Additionally, by failing to timely respond to the Motion, the Court finds that Plaintiff has waived any objection as to the location of the examination. *See* SDIL L.R. 7.1(a)(5). Finally, district courts to have considered the

issue have concluded that plaintiffs cannot avoid appearing for an examination in the forum in which they chose to file suit. *See* e.g., *Sanders v. Cangiolosi*, 17 C 8563, 2021 WL 1121084 (N.D. Ill. Mar. 24, 2021); *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388 (S.D. Tex. 2013).

Accordingly, the Court **ORDERS** that Defendants' Motion for Physical Examination is hereby **GRANTED**, pursuant to the following conditions:

1. The examination shall occur at Dr. Gross's office at 11330 Olive Blvd. Ste. 150. Creve Coeur, MO 63141.

2. The examination shall occur on a date and time agreeable to all parties.

3. Dr. Gross shall perform an examination that shall consist of a history and physical examination;

4. The examination shall occur without the attendance of any attorneys or third parties; and

5. No audio or video recordings shall be permitted.

**SO ORDERED.**

Dated: June 26, 2025

/s *David W. Dugan*

DAVID W. DUGAN
United States District Judge